517 So.2d 112 (1987)
DYNAMITE ENTERPRISES, INC., Appellant,
v.
EAGLE NATIONAL BANK OF MIAMI, Appellee.
No. 86-2899.
District Court of Appeal of Florida, Third District.
December 29, 1987.
Stuzin & Camner and Richard Bernstein, Miami, for appellant.
Kantor & Sapurstein and Burtram Sapurstein, Miami, for appellee.
Before SCHWARTZ, C.J., and HUBBART and DANIEL S. PEARSON, JJ.
PER CURIAM.
This is an appeal by the plaintiff Dynamite Enterprises, Inc. from an adverse final summary judgment in a suit brought against the defendant Eagle National Bank of Miami. The basis of the suit was the alleged refusal of the defendant bank to honor the plaintiff's stop-payment order on a check written by the plaintiff on its checking account with the defendant bank. We reverse based on the following briefly stated legal analysis.
First, it is undisputed on this record that at the time the plaintiff wrote the check in question, and that at the time the stop-payment order was received by the defendant bank, the plaintiff had insufficient funds in his checking account to pay for the check. The stop-payment order was refused by the defendant bank on the theory that it had no legal obligation to honor such a stop-payment order because there were insufficient funds in the plaintiff's account to pay the check; the bank so notified its customer, the plaintiff, of this refusal to honor the stop-payment order. Later, the defendant bank paid on the check after sufficient funds were deposited *113 to cover same and, in effect, treated the prior stop-payment order as a nullity.
Second, Section 674.403(1), Florida Statutes (1985), clearly gives a bank customer the right to stop payment on "any item payable" from the customer's account, subject to certain written formalities not relevant here. Plainly, a check written on an account with insufficient funds is still a payable item from the customer's account because the bank, in its discretion, may honor the overdrawn check and thereafter charge the customer's account under Section 674.401(1), Florida Statutes (1985). It follows, then, that a bank customer has a right to interfere with this bank discretion and to stop payment on an overdrawn check under Section 674.403(1), Florida Statutes (1985). Chute v. Bank One of Akron, N.A., 10 Ohio App.3d 122, 460 N.E.2d 720 (1983).
Third, inasmuch as the defendant bank obtained summary judgment below solely on the erroneous theory that it had no obligation to honor the plaintiff's stop-payment order because the check in question was an overdraft at the time, the subject summary judgment under review must be, and is hereby, reversed and remanded for further proceedings.
Reversed and remanded.